UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA L. MORIZEN,

    Plaintiff,

v.                                          Case No. 04-CV-73676-DT

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                               /

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

      On August 24, 2005, Magistrate Judge Wallace Capel issued a Report and Recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment, and deny Plaintiff Gloria Morizen's motion for summary judgment. On August 26, 2005, Plaintiff filed timely objections to the Magistrate Judge's report and recommendation. For the reasons stated below, the court will reject Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion for summary judgment, and deny Plaintiff's motion.

**I. BACKGROUND**

      Plaintiff applied for disability insurance benefits ("DIB") on January 16, 2002, alleging that she had been disabled and unable to work since October 25, 2000. (Tr. 225-226.) Defendant denied her claim on June 6, 2002. (Tr. 28-32.) Plaintiff requested an administrative hearing before an Administrative Law Judge ("ALJ"), which was conducted on February 11, 2004. (Tr. 196-246.) The ALJ issued his opinion on

February 27, 2004, finding that Plaintiff was not "disabled" as defined in the Social Security Act. (Tr. 11-24.) Specifically, the ALJ found that, although Plaintiff could not perform any of her past relevant work, she had the residual functional capacity ("RFC") to perform a significant range of light work. (Tr. 23.)

The ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner") when the Appeals Council denied Plaintiff's request for review. (Tr. 5-7.)

## II. STANDARD

Upon the filing of timely objections to a magistrate judge's report and recommendation, the court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233.

### III.  DISCUSSION

Plaintiff makes nine objections to the Magistrate Judge's report and recommendation. The court will review each objection in turn.

### A.  Objection # 1

First, Plaintiff claims that the Magistrate Judge erroneously stated that Plaintiff did not object to the ALJ's credibility determination. (Pl.'s Obj. at 1.) Plaintiff argues that her "Request for Relief" asked for a remand to make a credibility determination with regard to the migraine headaches. Even if Plaintiff's cursory request constitutes an objection to the ALJ's credibility determination, the court would not set aside the ALJ's credibility determination without a compelling reason. "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1234 (6th Cir. 1993) (quoting *Hardaway v. Secretary of Health and Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987)). Plaintiff has not presented the court with a convincing argument to disregard the ALJ's

3

conclusion that Plaintiff's testimony was not totally credible. (Tr. 23.) Accordingly, Plaintiff's objection is denied.

### B. Objection # 2

In her second objection, Plaintiff claims that the Magistrate Judge erred in indicating that the ALJ addressed the Plaintiff's migraine headaches in the RFC. (Pl.'s Obj. at 2.) Under this objection, Plaintiff argues that the ALJ found Plaintiff's headaches to be "severe," but failed to analyze any effect of those headaches on Plaintiff's RFC. The court disagrees. The ALJ found that Plaintiff retained the following RFC:

> able to lift 10 pounds occasionally; sit for 6 of 8 hours; stand/walk for 6 of 8 hours; needs sit/stand option after ½ hour; occasional bending and stooping; no crawling, crouching or kneeling; no reaching above shoulder level; no climbing stairs; no heights or moving machinery; no power gripping with either upper extremity. She is right handed and can do simple grasping and fine manipulation. Minimal contact with co-workers, supervisors and no contact with the public. Limited to simple, routines unskilled work.

(Tr. 20.) There is nothing included within this RFC to specifically designate which of Plaintiff's conditions result in which of the limitations in the RFC. Nonetheless, Plaintiff's argument that the RFC does not contemplate her migraines is not supportable. The RFC included limitations resulting, at least in part, from her migraines: minimal contact with co-workers, supervisors and no contact with the public; Limited to simple, routine unskilled work.[1] Moreover, Plaintiff does not indicate what additional limitations should have been included in the RFC because of her migraines. The ALJ adequately addressed Plaintiff's migraine headaches and found that "the medical records, while

---

[1] That these limitations are attributed to her migraines is consistent with the ALJ's finding that her headaches were triggered, in part, by stress. (Tr. 19.)

4

they do corroborate that she gets migraine headaches, do not corroborate their severity or their duration, as indicated at the hearing." (Tr. 22.) The court finds that substantial evidence supports this conclusion.

Plaintiff also argues that the ALJ "ignored" the vocational expert's response to the ALJ's third hypothetical. (Obj. at 2.) However, the ALJ specifically discounted Plaintiff's credibility with respect to the severity of her headaches, thus mooting the vocational expert's third hypothetical. (Tr. 22.) The court finds that the Magistrate Judge correctly analyzed Plaintiff's argument with respect to the ALJ's treatment of her migraine headaches.

### C.  Objection # 3

Next, Plaintiff argues that the Magistrate Judge erred by indicating that Plaintiff's ability to work prior to her date of onset is proof that the headaches were not disabling. (Pl.'s Obj. at 3.) The court holds that neither the Magistrate Judge nor the ALJ actually made this alleged "finding." Plaintiff complains that the Magistrate Judge and the ALJ referenced the fact that her migraines were "well controlled" in April of 1999. Neither the ALJ or the Magistrate Judge, however, relied on this fact to hold that because she could work before her onset date, that meant she was not disabled. Instead, they merely noted the 1999 condition in their recitation of her medical history and in connection with their proper analysis of Plaintiff's migraines. Moreover, the fact that Dr. Sanders found that her migraines were "well controlled" in April of 1999 before her asserted onset date and under "fairly good control" in 2002 is indicative that her condition was relatively static. (Tr. 115 & 191.)

5

To the extent Plaintiff utilizes this objection to argue that her migraines were disabling, the court rejects this argument as well. It is not the court's role to re-weigh the evidence, only to determine if substantial evidence supports the ALJ's conclusion. The medical records and Plaintiff's own testimony support the conclusion that her headaches were not disabling. For example, Plaintiff testified that she experienced migraines about four times a month (Tr. 219), that she took Relpax on an "as needed" basis for them (Tr. 222), and that she had not had to visit the emergency room for them within the previous two years (Tr. 222). The court finds that substantial evidence supports the magistrate's conclusion that Plaintiff's headaches were not disabling.

### D.  Objection # 4

In her fourth objection, Plaintiff contends that the Magistrate Judge "erred in arguing that Plaintiff has the obligation to provide an appropriate RFC." (Pl.'s Obj. at 4.) First, the court rejects Plaintiff's assertion that "[e]ither the Plaintiff's testimony must be adopted, or in the alternative, the ALJ must provide some basis for not adopting the Plaintiff's testimony" and, in so doing, must specifically indicate which limitations in the RFC are associated with Plaintiff's migraines. Additionally, for the reasons stated in the court's analysis of Plaintiff's Objection # 2, the court finds that substantial evidence supports the ALJ's recitation of Plaintiff's RFC, and that substantial evidence supports the conclusion that her migraine headaches were properly considered when forming her RFC.

Finally, the court does not agree that Plaintiff has no responsibility to prove her RFC. Indeed, analysis of whether a claimant is "disabled" is a five step process.[2] "[T]he burden of proof lies with the claimant at steps one through four of the process,

---

[2] The relevant regulation provides:

The sequential evaluation process is a series of five "steps" that we follow in a set order. If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. (See paragraph (e) of this section.) We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps. These are the five steps we follow:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and § 404.1560(b).)

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c).)

20 C.F.R. § 404.1520(a)(4).

culminating with a claimant's proof that she cannot perform her past relevant work. The burden of proof shifts to the Commissioner only if the fifth step, proving that there is work available in the economy that the claimant can perform, is reached." *See Her v. Commissioner of Social Sec.,* 203 F.3d 388, 391 (6th Cir.1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Walters v. Comm'r. of Soc. Sec.,* 127 F.3d 525 (6th Cir.1997)). The RFC determination is made prior to step five, and it therefore is Plaintiff's burden to demonstrate the appropriate RFC. *See id.* at 391-92. Plaintiff's objection is therefore denied.

### E. Objection # 5

In her fifth objection, Plaintiff claims that the Magistrate Judge "erred in his analysis of the 'failure to follow prescribed treatment.'" (Pl.'s Obj. at 5.) Specifically, Plaintiff argues that the ALJ's comment that "[i]t appears that the claimant obtained good relief of her symptoms when following her treatment regimen" amounts to a finding that her migraines resulted in her failure to follow prescribed treatment, which would require a particular legal analysis. *See* Soc. Sec. R. 82-59, 1982 WL 31384 at *1 (stating the policy and describing the criteria necessary for a finding of failure to follow prescribed treatment when evaluating disability). Plaintiff asserts that it is "clear" that "the ALJ felt that if the Plaintiff were to continue such treatment the migraines would again be under control and not disabling." (Obj. at 5.)

The court disagrees. As the Magistrate Judge noted, the ALJ's does not "clearly" advance such an interpretation. (R. & R. at 13.) Indeed, "the ALJ mentioned other evidence to indicate that Plaintiff's migraine headaches were not disabling." (*Id.*) The court finds that, when read in context and in conjunction with the rest of the ALJ's

8

opinion, the ALJ did not make a finding that her migraines resulted from a failure to follow prescribed treatment.[3]  Plaintiff's objection is therefore denied.

### F.  Objection # 6

Plaintiff objects that the Magistrate Judge erred in "going beyond" the ALJ decision and finding that Plaintiff's new medications controlled the migraines.  (Pl.'s Obj. at 7.)  Specifically, Plaintiff takes issue with the Magistrate Judge's footnote on page 12 of his report and recommendation, which stated that "Plaintiff testified that she is on a new medication for her migraines and has not had a headache since she began same."  It is difficult for the court to imagine what Plaintiff's objection with this statement is, inasmuch as it is an accurate reflection of her testimony (Tr. 227) and, further, is an entirely neutral statement of the record.  It is also not clear to the court that this statement was relied upon by the Magistrate Judge in his analysis; it was, after all, merely stated in a footnote.  Aside from these facts, however, the court also finds that it was not improper for the Magistrate Judge to include this statement in his report and recommendation.   The court bases its review on the entire record, not just what the ALJ cited.  *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole.  Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").  Plaintiff's objection is therefore denied.

---

[3]Indeed, the ALJ specifically noted Plaintiff's contention that her migraines were "triggered by her period, smells and stress."  (Tr. 19.)

### G.  Objection # 7

Plaintiff next objects that the Magistrate Judge "erred in indicating that the non-exertional limitations included in the ALJ's RFC were related to her migraines." (Pl.'s Obj. at 7.)  This objection is rejected for the reasons discussed in the court's analysis of Plaintiff's second objection.

### H.  Objection # 8

In her eighth objection, Plaintiff claims that the Magistrate Judge erred in his analysis of Plaintiff's mental impairment.  (Pl.'s Obj. at 8.)  Specifically, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ "adequately addressed" his decision to discount the opinion of Dr. Czarnecki.  Plaintiff argues that the ALJ "usurped the role of physician and determined that the Plaintiff's condition was less severe than determined by the only mental health professional of record." (Obj. at 9.)  The court disagrees, and will reject Plaintiff's objection.

Dr. Czarnecki examined Plaintiff once and issued a report indicating that she suffered from a Somatoform Disorder and a Major Depressive Disorder, the collaborative effects of which were "quite severe." (Tr. 167.)  Dr. Czarnecki stated:

> It is unlikely that Ms. Morizen would be able to meet the demands of even simple unskilled work at this time.  There are some organic basis for her complaints but they are exacerbated and complicated by prominent emotional and psychological components.  Thus, her limitations must be considered in terms of the complex interactions between the mental and physical factors which are currently severe enough to preclude even simple unskilled work.

(*Id.*)  The ALJ reject this opinion, however, and found that "the opinion of Dr. Czarnecki is not to be given controlling weight.  His statement . . . that the claimant lacks the

capacity for even simple, unskilled work is not supported by acceptable medical evidence and is found to be contradicted by other evidence or inconsistent with the evidence as a whole." (Tr. 20.)

Plaintiff argues that the ALJ should not have rejected Dr. Czarnecki's opinion, but it is not the role of this court to second guess the ALJ's credibility determinations. *See Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) (emphasizing that the fact-finder in a social security benefits case, not the court, is charged with passing upon the credibility of witnesses and weighing evidence). Rather, the court's review "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Here, the ALJ's decision to discount Dr. Czarnecki's opinion was supported by substantial evidence. Plaintiff testified that she had never been referred for psychiatric treatment, that she had no history of any psychiatric treatment or hospitalization, and that she had never used any psychotropic medications. (Tr. 216.) Moreover, even Plaintiff acknowledges that her medical history contained no mental health notations. (Obj. at 8.) Plaintiff also expressly admits that "Dr. Czarnecki is not a treating physician," (Obj. at 8), thus he is not entitled to deference as a "treating physician." *See* 20 C.F.R. § 404.1527(d)(2).

The court finds that the Magistrate Judge correctly analyzed Plaintiff's alleged mental impairment. Her objection is denied.

### I. Objection # 9[4]

In her final objection, Plaintiff objects to the ALJ's and the Magistrate Judge's recitation of Plaintiff's income. (Pl.'s Obj. at 11.) Plaintiff argues that the recitation is irrelevant and "shows a clear bias" against Plaintiff. (*Id.*) The court agrees that Plaintiff's income is not necessarily relevant to the inquiry before the ALJ, the Magistrate Judge, or this court, but finds that it was included only as background information and its inclusion is simply not evidence of "clear bias."

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's August 26, 2005 objections [Dkt. # 19] are DENIED and the Magistrate Judge's August 24, 2005 Report and Recommendation [Dkt. # 17] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 13] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 16] is DENIED.

Judgment will separately issue.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: December 8, 2005

---

[4]Plaintiff erroneously lists her ninth objection as "Objection # 8." (Pl.'s Obj. at 11.)

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 8, 2005, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522